UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA A. JUAREZ,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-3609-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a motion for summary judgment, requesting that the court reverse the ALJ's decision and remand for an award of benefits or, alternatively, further proceedings. The Commissioner has filed a motion to remand in which he agrees that the ALJ committed legal error but argues that the appropriate remedy is further proceedings. For the reasons discussed below, the court grants in part plaintiff's motion, denies the Commissioner's motion as moot, and remands this matter for further proceedings.[1]

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 8.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On December 28, 2021, plaintiff filed applications for a period of disability and DIB, alleging disability beginning July 1, 2020. Administrative Record ("AR") 332. In October 2023, after her applications were denied both initially and upon reconsideration, the ALJ denied plaintiff's disability claim following a hearing. AR 130-39. In June 2024, the Appeals Council remanded the matter. AR 289.

In December 2024, a different ALJ denied plaintiff's applications after a second hearing. AR 10-23. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since July 1, 2020, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the thoracic and lumbar spine; scoliosis; obesity; major depressive disorder; and somatic dysfunction disorder.
>
> * * *
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> * * *
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), but she cannot climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She should never be exposed to environmental hazards, such as high exposed places, moving mechanical parts, or open bodies of water. She can understand and remember detailed but not complex instructions. She cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. In addition, she can deal with occasional changes in a routine work setting.
>
> * * *
>
> 6. The claimant is unable to perform any past relevant work.
>
> * * *
>
> 7. The claimant was born [in] 1975 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability

onset date.

8. The claimant has at least a high school education.

* * *

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2020, through the date of this decision.

AR 12-22 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. She now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff claims that the ALJ "improperly discounted the medical opinion evidence," "failed to support the RFC finding with substantial evidence," "improperly discounted [her] testimony," and "improperly rejected the lay witness statement." ECF No. 14-1 at 9-23. In response, the Commissioner concedes that "there was error in the ALJ's analysis" warranting remand. ECF No. 16 at 2. As such, the only dispute is whether the court should remand for further proceedings or an immediate award of benefits.

The Court of Appeals has announced the "credit-as-true" rule, whereby "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The first factor is satisfied because the Commissioner has conceded that the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence. *See* ECF No. 17 at 2. Where the ALJ fails "to provide legally sufficient reasons for rejecting" evidence, "[the court] credit[s] the evidence as true." *Benecke*, 379 F.3d at 594.

However, the second factor is not satisfied because there are outstanding issues to be resolved by further proceedings. The Court of Appeals has stated that this inquiry is focused on "significant factual conflicts" between "testimony and objective medical evidence" and "crucial questions as to the extent of [the plaintiff's] impairment given inconsistencies between his testimony and the medical evidence in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-05 (9th Cir. 2014).

Plaintiff testified at the hearing that she cannot use her hand for tasks such as holding a spoon or buttoning a blouse. AR 46-47. Plaintiff stated that she "cannot stand for [a] long period of time" and that she has difficulty walking. AR 47. Plaintiff estimated that she lays down approximately 50 times per day and cannot stay still for more than 20 minutes due to pain in her legs. AR 49.

A state agency medical consultant concluded that plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms" were not "substantiated by the objective medical evidence alone." AR 98. Specifically, the consultant opined that plaintiff could stand or walk for six hours in an eight hour workday and that she could sit for six hours in an eight hour workday.[2] AR 99. The consultant further opined that plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and engage in postural activities on an occasional to unlimited basis. AR 99-100.

In light of this assessment, the court finds that "the record raises crucial questions as to the extent of [plaintiff's] impairment given inconsistencies between [her] testimony and the medical

---

[2] Plaintiff points out that her treating chiropractor opined that she can stand or walk for four hours and sit for four hours in an eight-hour workday. *See* ECF No. 14-1 at 9 (citing AR 1788). However, the Court of Appeals has held that a conflict between a treating provider and a consulting medical expert warrants remand for further proceedings. *Washington v. Kijakazi*, 72 F.4th 1029, 1042 (9th Cir. 2023).

evidence in the record." *See Treichler*, 775 F.3d at 1105. In her reply, plaintiff mentions this inconsistency but does not adequately contest the Commissioner's argument. *See* ECF No. 19 at 5. Remand for further proceedings is appropriate on this basis alone.

Plaintiff argues that an award of benefits is appropriate in light of the ALJ's failure to account for her mental health limitations in crafting her RFC. ECF No. 14-1 at 14-17. The first ALJ found that plaintiff did not have "a medically determinable mental disorder." AR 132. The second ALJ found that plaintiff's "major depressive disorder" constituted a severe impairment under the regulations. AR 13. The ALJ acknowledged that two state agency psychiatric consultants had found that plaintiff's depression was not severe and that she had no mental limitations. AR 20 (citing AR 95 and 116). Nonetheless, the ALJ found persuasive the opinion presented by the mental consultative psychologist, who opined that plaintiff had markedly impaired attention and a moderately impaired memory. *Id.* (citing AR 1001). The consultative psychologist further found that plaintiff had "marked difficulty performing complex activities" but otherwise no more than a moderately impaired ability to perform other tasks, such as following complex instructions, maintaining attention, and completing a normal workday "without interruptions resulting from a psychiatric condition." AR 1005.

Plaintiff argues that some of these limitations should have been accounted for in her RFC. *See* ECF No. 14-1 at 16. However, even if plaintiff is correct, that error would warrant further proceedings, not an immediate award of benefits. The Court of Appeals has held that "[i]n cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). To the extent that the ALJ should have accounted for additional limitations resulting from plaintiff's depression, remand for further proceedings is the appropriate remedy.

The Court of Appeals has described the second factor as determining whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts in this Circuit "have regularly held that there is no useful purpose in remanding for further proceedings when the Commissioner has

had repeated opportunities and continues to make the same legal errors." *Jeffrey C. v. Kijakazi*, No. 3:22-cv-0079-SI, 2023 WL 4760603, at *6 (D. Or. July 26, 2023) (collecting cases). Here, on the contrary, plaintiff has had two hearings, and there is no evidence that the ALJs have made the same legal errors. Indeed, as noted, while the first ALJ found that plaintiff's depression was non-severe, the second ALJ found plaintiff's depression severe and accounted for some limitations in plaintiff's RFC. The court finds that further proceedings would serve a "useful purpose" by allowing the ALJ to assess in the first instance plaintiff's RFC regarding mental limitations and the conflict between medical opinions and plaintiff' physical symptom testimony. *See Garrison*, 759 F.3d at 1020

Because the second factor of the "credit-as-true" test is not satisfied, the court need not proceed further before concluding that the appropriate remedy is further proceedings, not an award of benefits. However, it bears mention that even if the court found that plaintiff satisfied all three factors, the court would still "retain 'flexibility' in determining the appropriate remedy." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1020). Specifically, the court may "remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). In light of the consultants' opinions noted above, the court would find "serious doubt" as to whether plaintiff is entitled to benefits. *See id.*

Accordingly, the matter is remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal citations and quotations omitted); *Treichler*, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 14, is GRANTED IN PART.
2. The Commissioner's motion to remand for further proceedings, ECF No. 16, is DENIED as moot.
3. The matter is remanded for further proceedings consistent with this order.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE